# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JALECIA MOSLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-2305 -L** |
| | § | |
| **WAL-MART STORES TEXAS LLC**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand, filed November 30, 2010. After careful consideration of the motion, response,[1] record, and applicable law, the court **denies** Plaintiff's Motion to Remand.

**I.     Background**

Jalecia Mosley ("Mosley" or "Plaintiff") filed this action against Wal-Mart Stores Texas LLC ("Wal-Mart" or "Defendant") on October 18, 2010, in the 44th Judicial District Court, Dallas County, Texas. She asserts claims for intentional infliction of emotional distress, assault and battery, negligent retention, and sex discrimination in violation of the Texas Labor Code. She seeks actual and exemplary damages against Wal-Mart for her alleged injuries.

On November 12, 2010, Wal-Mart removed the state action to federal court on the bases that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff counters that this court does not have subject matter jurisdiction because Wal-Mart has failed to plead diversity of citizenship adequately

---

[1] Plaintiff Jalecia Mosley did not file a reply to the response.

**Memorandum Opinion and Order - Page 1**

and because Wal-Mart has not established that the amount in controversy exceeds $75,000. As a result of these two alleged failures, Plaintiff seeks a remand of this action to state court.

II.     **Standard for Subject Matter Jurisdiction**

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

For diversity purposes, the amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional

amount. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995). In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (emphasis in original). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *Allen*, 63 F.3d at 1336. As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnotes omitted). If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish that it is "legally certain that his recovery will not exceed" the jurisdictional threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253. Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in

federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

## III. Analysis

### A. Diversity of Citizenship

In this regard, Plaintiff contends that Wal-Mart did not allege diversity of citizenship sufficiently because it alleged that diversity existed at the time the action was removed to federal court but did not allege that diversity existed at the time the lawsuit was filed in state court, which is also a requirement for removal. Wal-Mart counters that it has satisfied its burden by establishing complete diversity at the time Plaintiff filed her lawsuit in state court and at the time the case was removed. Wal-Mart takes this position because its Notice of Removal of Action ("Notice") states that "Plaintiff is a citizen of the state of Texas. Plaintiff resides in Dallas County, Texas," and because the Notice states that "[a]t the time of filing of this lawsuit, Wal-Mart was, and still is a corporation incorporated under the laws of the state of Delaware, but having its principal place of business in the state of Arkansas." Def.'s Resp. in Opp. to Pl.'s Mot. to Remand 10 (quoting Notice 1).

With respect to a removed action filed by a defendant, the notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted). The court determines that the allegations are sufficient as to Wal-Mart because the language clearly indicates Wal-Mart's citizenship at the time the case was filed and when it was removed. With respect to Plaintiff, the Notice only alleges that Plaintiff "is a citizen of the state of Texas." This refers only to her citizenship as it existed at the time of removal. The court agrees with Plaintiff that the

**Memorandum Opinion and Order - Page 4**

allegations regarding Plaintiff's citizenship are deficient. Nothing indicates that she was a citizen of Texas at the time of filing the lawsuit in state court, although the court suspects that she was a citizen of Texas. In any event, this is a procedural defect, and such defect may be cured by amending the Notice. *In re Allstate* 8 F.3d at 221 n.4 (citation omitted). As Wal-Mart has requested leave to cure the deficiency, the court will allow it to do so.

### B. Amount in Controversy

Plaintiff contends that Wal-Mart has not established that the amount in controversy exceeds $75,000. She contends that Wal-Mart's only reference to the amount in controversy is a conclusion in the Notice regarding the categories of damages in Plaintiff's Original Petition ("Petition") without any attempt to quantify the amount of damages. Wal-Mart responds that it is facially apparent from the Petition that the damages exceed $75,000, given the kind of claims asserted by Plaintiff and the numerous kinds of damages that she seeks. The court agrees.

As stated previously, Plaintiff asserts four claims against Wal-Mart: intentional infliction of emotional distress, assault and battery, negligent retention, and sex discrimination. She alleges that she has suffered numerous damages that include damages for past and future lost earnings and benefits, and damages for past and future earnings capacity; damages for back pay and front pay; damages for past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other nonpecuniary losses; damages for past and future mental anguish, emotional distress, and physical distress. Pl.'s Pet. ¶ 9.01. Plaintiff also seeks exemplary damages against Wal-Mart, and she seeks to recover reasonable attorney's fees and expert's fees as permitted under the Texas Labor Code. *Id.*

The court agrees with and adopts the approach used by the court in *Carleton v. CRC Indus. Inc.*, 49 F. Supp. 2d 961, 962 (S.D. Tex. 1999), which held that it was readily apparent from a reasonable and common-sense analysis of the allegations in the plaintiffs' petition that the damages they sought exceeded the jurisdictional threshold of $75,000. The court finds the reasoning in *Carleton* persuasive and sound. In today's world, it does not take much to exceed $75,000. The court has awarded attorney's fees in a number of civil rights and employment discrimination cases and recognizes that the attorney's fees, alone, in a case of this nature would approach or exceed $75,000 on the sex discrimination claim. Moreover, when the claims and damages are collectively considered, the court has little pause in concluding that the jurisdictional threshold is exceeded. Common sense and experience also dictate that a lawsuit of this nature, with all of the elements of damages, would not even be worth prosecuting for less than $75,000. This is one of those cases where the application of common sense and logic must prevail; otherwise, an absurd result occurs.

The court is aware that at least one published case in this district, *Staton v. Wells Fargo Bank, N.A.*, 192 F. Supp. 2d 681 (N.D. Tex. 2002), disagrees with the holding in *Carleton*. In *Staton*, while the court found the common-sense approach used in *Carleton* and other cases persuasive, it concluded that such approach "encouraged courts to dip into the briar patch of guesswork the *Chapman*[2] court cautioned district courts to avoid." *Staton*, 192 F. Supp. 2d at 684. The court, however, determines that there is no briar patch of guesswork in this case, as it is "facially apparent" that the jurisdictional minimum is met because of the number of claims and the damages Plaintiff seeks.

---

[2]969 F.2d 160 (5th Cir. 1992), *cert. denied*, 507 U.S. 967 (1993).

**Memorandum Opinion and Order - Page 6**

The common-sense approach has been used by the Fifth Circuit in removed cases to determine whether the jurisdiction amount has been satisfied. In a removal case, the defendant has the burden of establishing jurisdiction. When no specific amount is alleged in the pleadings, a defendant must show that the amount in controversy exceeds $75,000. This requisite showing may be done "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the *facts* in controversy – preferably in the removal petition but sometimes by affidavit – that support a finding of the requisite amount.'" *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999) (quoting *Allen*, 63 F.3d at 1335 (emphasis in original)). In looking at the face of the complaint in *Allen*, the court took note of the large number of plaintiffs, the three corporate defendants, and the "wide variety of harm allegedly caused by wanton and reckless conduct." *Allen*, 63 F.3d at 1336. In holding that the face of the complaint supported federal jurisdiction, the Fifth Circuit stated, "A court, in applying *only* common sense, would find that if the plaintiffs were successful in their punitive damages claims, they would collect more than [the jurisdictional minimum]." *Id*. (emphasis added). In additional to *Allen*, the Fifth Circuit has also used the common-sense approach to conclude, because of the claims and damages alleged, that it was "facially apparent" from the complaint that the damages sought exceeded the jurisdictional minimum in *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000), and *Luckett*, 171 F.3d at 298. Likewise, by applying a common-sense analysis in this case, the court concludes that the amount Plaintiff seeks in damages for her claims more likely than not exceeds $75,000. The court thus holds that Wal-Mart has satisfied the amount-in-controversy prong of diversity jurisdiction.

## IV. Conclusion

For the reasons herein stated, the court **denies** Plaintiff's Motion for Remand. Wal-Mart shall have until **May 5, 2011**, to cure the defects in its Notice and file an amended notice of removal. If the defects are not cured by this date, Wal-Mart will have failed to establish one of the elements of diversity jurisdiction, and the court will *sua sponte* remand the action for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). If the deficiency is corrected, this action remains in this court.

**It is so ordered** this 21st day of April, 2011.

Sam A. Lindsay
United States District Judge