# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| JALECIA MOSLEY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:10-CV-2305 -L** |
| § | |
| WAL-MART STORES TEXAS LLC, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Rule 12(b)(6) Motion to Dismiss, filed November 16, 2010. After careful consideration of the motion, response, reply, record, and applicable law, the court **grants** Defendant's Rule 12(b)(6) Motion to Dismiss.

## I. Background

Jalecia Mosley ("Mosley" or "Plaintiff") filed this action against Wal-Mart Stores Texas LLC ("Wal-Mart" or "Defendant") on October 18, 2010, in the 44th Judicial District Court, Dallas County, Texas. She asserts claims for intentional infliction of emotional distress, assault and battery, negligent retention, and sex discrimination in violation of the Texas Labor Code. She seeks actual and exemplary damages against Wal-Mart for her alleged injuries. Wal-Mart removed this action to federal court on November 12, 2010, on the grounds that diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs. The case was transferred in January 2011 from the docket of the Honorable Chief Sidney A. Fitzwater United States District Judge to this court's docket.

Wal-Mart contends that Plaintiff's claims for intentional infliction of emotional distress, assault and battery, and negligent retention should be dismissed because her pleadings fail to state claims upon which relief can be granted. Specifically, Wal-Mart contends that these common law claims are law precluded because Plaintiff's exclusive remedy is the Texas Commission on Human Rights Act ("TCHRA"). Mosley disagrees and contends that she may maintain these claims under Texas common law. For the reasons hereafter stated, the court concludes that Plaintiff's common law claims of intentional infliction of emotional distress, assault and battery, and negligent retention are foreclosed by Texas Supreme Court precedent.

## II.     Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption

that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has

pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

## III. Analysis

### A. Intentional Infliction of Emotional Distress

The claim of intentional infliction of emotional distress is a gap-filler tort, and it may not be maintained as a separate claim unless "the victim has no other recognized theory of redress." *Hoffmann-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004) (citing *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 68 (Tex. 1998)). If a plaintiff files claims for intentional infliction of emotional distress and for sexual harassment, and "the gravamen of the plaintiff's complaint is for sexual harassment, the plaintiff must proceed solely under a statutory claim unless there are additional facts, unrelated to sexual harassment, to support an independent tort claim for intentional infliction of emotional distress." *Zeltwanger*, 144 S.W.3d at 441. The court so held because it does not believe that a plaintiff should be allowed to "thwart legislative limitations" imposed on claims brought under the TCHRA. *Id.* at 447.

A liberal reading of the relevant portions of Plaintiff's Original Petition (the "Petition") reveals clearly that Plaintiff's claim for intentional infliction of emotional distress is based entirely or essentially on the same facts that serve as the basis for the sex discrimination (sexual harassment) claim under the TCHRA. The court finds no facts in the Petition separate and apart from those alleging sexual harassment that would provide an independent ground for a claim for intentional infliction of emotional distress. As Plaintiff brought her claim for sexual harassment or discrimination pursuant to the TCHRA, the statute is her exclusive remedy. Further, at no time has Plaintiff requested to amend her pleadings to allege additional facts regarding any of her common

**Memorandum Opinion and Order - Page 4**

law claims. Existing precedent simply precludes an intentional infliction of emotional distress claim as pleaded by Plaintiff. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted, and Defendant is entitled to dismissal of this claim.

### B. Assault and Battery

When a plaintiff asserts claims for sexual harassment and assault and "the gravamen of a plaintiff's case is sexual discrimination that lies at the heart of the TCHRA, allowing negligence damages for a TCHRA violation would eclipse the Legislature's prescribed scheme." *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 799 (Tex. 2010). Accordingly, "employer liability for unwanted sexual touching by a coworker (simple assault under Texas law given its offensive or provocative nature) is limited to a tailored TCHRA scheme that specifically covers employer liability for sexual harassment." *Id.* at 803.

Once again, a reading of the Petition clearly reveals that the same conduct on which Plaintiff bases her assault claim is predicated on the same conduct that supports her sexual harassment and discrimination claim. With respect to her sexual harassment claim, Mosley complains of sexually suggestive and crude remarks that a coworker made over a period of time, and a later incident in which the coworker, Jose Vasquez, made "sexual advances toward [her] by restraining her arms against the wall and trying to kiss her." Pl.'s Orig. Pet. ¶¶ 4.03, 4.05-4.06. The unwelcome and offensive touching described in the Petition was an assault, and it also was sexual harassment. The conduct described by Plaintiff in this case is similar in nature to that described by the plaintiff in *Waffle House*, except that the offensive touching that constituted the assault and sexual harassment occurred once in this case, while it occurred multiple times and was more egregious in *Waffle House*. As the claims stem from the same boorish, crude, and objectionable conduct, there can be

no independent common law claim for assault. The TCHRA is the exclusive remedy. For this reason, Texas law precludes any recovery for Plaintiff on her assault and battery claim, and she has failed to state a claim upon which relief can be granted on this claim. Dismissal of Plaintiff's assault and battery claim is mandated.

### C. Negligent Retention

If an employee asserts a claim for negligent retention or supervision in conjunction with a claim for sexual harassment, and the two claims are based on the same conduct, the claim for negligent supervision or retention is likewise foreclosed "as a matter of law because the TCHRA is the exclusive remedy for workplace sexual harassment." *Waffle House*, 313 S.W.3d at 801-02. In this case, Plaintiff's negligent retention claim is based on or involves the same conduct that underlies Plaintiff's claim for sexual harassment under the TCHRA. Mosley's negligent retention claim is therefore foreclosed as a matter of law, and she fails to state a claim upon which relief can be granted. The court will dismiss Plaintiff's negligent retention claim.

## IV. Conclusion

For the reasons herein stated, the court **grants** Defendant's Rule 12(b)(6) Motion to Dismiss. Accordingly, the court **dismisses with prejudice** Plaintiff's common law claims of intentional infliction of emotional distress, assault and battery, and negligent retention.

**It is so ordered** this 20th day of July, 2011.

                                            Sam A. Lindsay
                                            United States District Judge